[Cite as *Ducommun v. The Ohio Statehouse*, 2011-Ohio-3152.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHARON S. DUCOMMUN

     Plaintiff

     v.

THE OHIO STATEHOUSE

     Defendant
     Case No. 2011-03111

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On March 14, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56. Plaintiff has not filed a response. The motion is now before the court for a non-oral hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} According to her complaint, on December 23, 2008, plaintiff sustained personal injury when she tripped and fell on uneven granite steps located on the north side of the Ohio Statehouse. In its motion, defendant asserts that plaintiff's claim is barred by the applicable statute of limitations.

{¶ 5} R.C. 2743.16(A) provides in relevant part:

{¶ 6} "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 7} Attached to defendant's motion are certified copies of both plaintiff's initial complaint that was filed in Case No. 2009-03843, and the entry of dismissal of that complaint. (Defendant's Exhibits A and B, respectively.) Plaintiff's initial complaint was filed on April 6, 2009, and was dismissed without prejudice on January 20, 2010. Pursuant to R.C. 2305.19,[1] plaintiff had until January 20, 2011, to commence a new action. However, plaintiff did not file her complaint in the instant case until February 28, 2011. Therefore, construing the facts most strongly in plaintiff's favor, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment as a matter of law. Defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

---

[1]R.C. 2305.19(A) states, in relevant part:

"In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown                               Sharon S. Ducommun
Velda K. Hofacker                          6174 South Jackson Street
Assistant Attorneys General                Centennnial, Colorado 80121
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/cmd/Filed June 7, 2011/To S.C. reporter June 22, 2011

---

failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."